## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM BARBER, | Civil No. 04-4956 (JRT/SRN) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF** |
| W. I. LeBLANC, JR., Warden, | **MAGISTRATE JUDGE** |
| Respondent. | |

William Barber, #02365-029, FMC Rochester, PMB 4000, Rochester, MN 55903-4000, petitioner pro se.

Rachel K. Paulose[1], United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner William Barber, a federal prisoner committed to the Federal Medical Center in Rochester, Minnesota, brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated November 14, 2005, United States Magistrate Judge Susan R. Nelson recommended denying Barber's Petition for Writ of Habeas Corpus. Currently before the Court is petitioner's Objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court

---

[1] This case was handled by Assistant U.S. Attorney Joseph Walbran, who has since retired from the U. S. Attorney's Office.

overrules petitioner's objection and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

Barber was convicted of Use of Fire to Commit Felony, in violation of 18 U.S.C. §§ 844 (y)(1) and 844 (y)(2), and was sentenced to 120 months imprisonment, followed by three years of supervised release. Barber's conviction was affirmed on direct appeal to the Eighth Circuit Court of Appeals. *United States v. Barber*, 68 Fed. Appx. 748 (8th Cir. 2003).

In his petition, Barber contends that the Bureau of Prisons ("BOP") interpretation of 18 U.S.C. § 3624(b)(1) and the phrase "term of imprisonment" in calculating good time credits for release is erroneous.

## ANALYSIS

Petitioner objects to the report and recommendation, arguing that the calculation of good time credits should be based on the sentence imposed, rather than the time served, as is the BOP's current interpretation and practice. He asserts that the report and recommendation erroneously focuses on the term "term of imprisonment" in 18 U.S.C. § 3624(b)(1), when instead the critical phrase of the statute is "beyond the time served." Petitioner also contends that even if the latter phrase is ambiguous, then the rule of lenity should apply, and the ambiguity should be resolved in petitioner's favor.

The Eighth Circuit has recently addressed these issues and upheld the BOP's interpretation of § 3624 (b)(1). *Bernitt v. Martinez*, 432 F.3d 868 (8th Cir. 2005); *James*

*v. Outlaw*, 2005 WL 677769 (8th Cir. Mar. 24, 2005).[2]  In *Bernitt*, the court determined that section 3624(b)(1) is ambiguous because it does not clearly indicate whether a prisoner's good credit time is based on the time served in prison or the sentence imposed. *Bernitt*, 432 F.3d at 869.  The Eighth Circuit concluded that the BOP's interpretation of section 3624(b)(1) is reasonable, and therefore entitled to deference under *Chevron*.  *Id.* (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 844-45 (1984)).  The court also rejected the petitioner's argument that the rule of lenity should apply, stating "we do not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute." *Bernitt*, 432 F.3d at 869.

The Court finds the Court of Appeals' analysis to be persuasive and binding.  The Court holds that the BOP's interpretation of 18 U.S.C. § 3624(b)(1) is a reasonable interpretation of an ambiguous statute, and is therefore entitled to deference. Accordingly, the Court therefore denies petitioner's Petition for Writ of Habeas Corpus.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's Objection [Docket No. 12] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 11]. Accordingly, **IT IS HEREBY**

---

[2] Several other Courts of Appeal have also upheld the BOP's interpretation of the statute. *See*, *e.g.*, *Perez-Olivo v. Chavez*, 394 F.3d 45, 51-52 (1st Cir. 2005); *Sash v. Zenk*, 428 F.3d 132 (2d Cir. 2005);  *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005); *Brown v. Hemingway*, 2002 WL 31845147 (6th Cir. Dec. 16, 2002); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001); *Brown v. McFadden*, 416 F.3d 1271, 1273 (11th Cir. 2005).

**ORDERED** that petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 25, 2006            s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                             United States District Judge